OPINION
{¶ 1} This matter comes before us upon two consolidated appeals. In Montgomery App. No. 21176, Robert Cupp appeals from the trial court's decision and entry overruling his "motion for judgment as to residence" and his alternative motion to withdraw his guilty plea. In Montgomery App. No. 21348, Cupp appeals from the trial court's subsequent decision and entry finding a community control violation and ordering him to vacate his residence or to serve one year in prison.
 {¶ 2} Cupp advances two assignments of error on appeal. First, he contends the trial court erred in overruling his post-sentence motion to withdraw his guilty plea. Second, he claims the trial court erred in declining to find an ex post facto violation based on a Revised Code section that prohibits him from living within 1,000 feet of a school.
 {¶ 3} The record reflects that in April 2003, Cupp was charged with two counts of unlawful sexual conduct with a minor. In September 2003, he entered a guilty plea to one count in exchange for the State's dismissal of the other count and its recommendation of community control. The trial court accepted the plea agreement and sentenced Cupp to community control in November 2003.
 {¶ 4} Approximately one year later, Cupp filed a "motion for judgment as to residence or, in the alternative, motion to vacate plea." Therein, he asserted that the probation department had told him he was required to move because R.C. § 2950.031(A) prohibited him from residing within 1,000 feet of a school. Cupp sought either a judicial determination that the statute did not apply to him or permission to withdraw his guilty plea if the statute did apply. For reasons that are not apparent, Cupp filed the same motion a second time on June 17, 2005.
 {¶ 5} The trial court overruled Cupp's motions on July 8, 2005. In so doing, the trial court concluded that the issue of the statute's applicability to Cupp was not ripe because "no eviction or injunction has been sought and no probation violation filed." The trial court also noted that "[n]o one is seeking to apply the statute to [Cupp] and it is possible that no action will be taken against Defendant with regard to R.C. § 2950.031." The trial court also rejected Cupp's request to withdraw his guilty plea. Although Cupp had not been told about the residence restriction when he entered his plea, the trial court found that the restriction constituted a non-punitive "collateral consequence." As a result, the trial court held that it was not required to inform Cupp about the residence restriction before accepting his guilty plea. Cupp appealed this ruling on July 21, 2005, in Montgomery App. No. 21176.
 {¶ 6} Shortly thereafter, on August 12, 2005, Cupp received notice of a community control violation. The notice alleged that he was in violation of rule one, which required him to "refrain from violation of any law[.]" The notice alleged a violation of R.C. § 2950.031(A), which prohibited him, as a sex offender, from living within 1,000 feet of a school. In response to the violation notice, Cupp renewed his "motion for judgment as to residence or, in the alternative, motion to vacate plea" on August 18, 2005.
 {¶ 7} The trial court subsequently held a revocation hearing on September 23, 2005. Following the hearing, the trial court filed an October 28, 2005, decision and entry finding that Cupp had violated rule one of his community control conditions by continuing to live within 1,000 feet of a school. The trial court ordered Cupp to move within thirty days. If he failed to do so, the trial court indicated that it would revoke his community control and impose a one-year prison sentence. Cupp appealed this ruling on November 3, 2005, in Montgomery App. No. 21348. We later consolidated Cupp's two appeals.
 {¶ 8} In his first assignment of error, Cupp contends the trial court erred in overruling his post-sentence motion to withdraw his guilty plea. A trial court may set aside a conviction and allow a defendant to withdraw a guilty plea after sentencing only to correct a manifest injustice. Crim. R. 32.1. We review a trial court's ruling on a post-sentence motion to withdraw a guilty plea for an abuse of discretion. State v.Cressel, Montgomery App. Nos. 20337, 20348, 2005-Ohio-2013, at ¶ 10.
 {¶ 9} Here Cupp asserts that he would not have entered a guilty plea if he had known that R.C. § 2950.031(A) prohibited sex offenders from living within 1,000 feet of a school. Because he lives within 1,000 feet of a school and was unaware of the statute's residence restriction, Cupp contends he has established the manifest injustice necessary to withdraw a guilty plea after sentencing.
 {¶ 10} Upon review, we find the foregoing argument to be unpersuasive. The basis for Cupp's plea-withdrawal request was the trial court's failure to inform him, before accepting his guilty plea, about the residence restriction imposed on sex offenders by R.C. § 2950.031(A). We have found no case law addressing whether a trial court must advise a sex offender of this particular restriction prior to accepting a guilty plea. It is well settled, however, that a trial court need not inform a sex offender of the registration and notification requirements of R.C. Chapter 2950 before accepting a plea. We have described the registration and notification requirements as collateral consequences of a defendant's guilty plea to a sex offense.State v. Condron (March 27, 1998), Montgomery App. No. 16430 ("Because Megan's laws are not punitive, the registration and notification requirements are collateral consequences of a defendant's guilty plea."). Therefore, a trial court is not obligated to inform a defendant about these requirements before accepting his plea, and its failure to do so does not render the plea invalid. State v. Abrams (Aug. 20, 1999), Montgomery App. No. 17459. Other Ohio appellate courts have held likewise. See, e.g., State v. Perry, Cuyahoga App. No. 82085, 2003-Ohio-6344, at ¶ 9 ("[T]he registration and reporting requirements of R.C. § 2950 do not need to be explained at a plea proceeding since they are remedial and not punitive in nature."); State v. Paris,
Auglaize App. No. 2-2000-04, 2000-Ohio-1886 ("Because a sexual predator determination is a collateral consequence of the underlying criminal offense, the trial court had no duty pursuant to Crim.R. 11 to inform defendant of the registration and notification requirements accompanying a designation as a sexual predator and therefore, defendant's guilty plea cannot be said to be involuntary and unknowing."); State v. DeAngelo (March 10, 1999), Lorain App. No. 97CA006902 ("[Because they are collateral consequences and not punishment, Crim. R. 11 does not require a trial court to inform a defendant of the registration and notification requirements accompanying a designation as a sexual predator."); State v. Rice (Feb. 18, 1999), Cuyahoga App. No. 72685 ("To argue the trial court has to inform defendant-appellant of all of the possible consequences of his plea is untenable. For example, the trial court does not have to inform defendant-appellant of all the `effects' of his plea such as the potential for losing his/her job, home, marriage, reputation or that his/her plea to a felony will deprive him/her the right to vote and/or possess a firearm. Since R.C. Chapter 2950 is remedial in nature, the failure to inform defendant-appellant of its effect does not invalidate an otherwise valid plea.").
 {¶ 11} Cupp seeks to distinguish the foregoing line of cases by arguing that the residence restriction imposed by R.C. §2950.031(A) is more onerous than sex offender registration and notification requirements. Cupp draws an analogy between R.C. §2950.031(A)'s residence restriction and cases involving aliens who are convicted of criminal offenses and face deportation. Cupp asserts that when an alien enters a guilty plea, he must be advised about the possibility of deportation as a result of the conviction. He reasons that the same rule should apply here because he too is being forced to leave his home and go elsewhere.
 {¶ 12} We are unpersuaded by Cupp's analogy for at least two reasons. First, as a practical matter, we see a significant distinction between a sex offender being forced to move down the street and an alien being forced to leave the United States. We simply disagree with Cupp's assertion that the two situations are "the same." Second, we note that a specific statute, R.C. §2943.031, obligates a trial court to advise an alien of the possibility of deportation due to a guilty plea. Cupp cites no similar statute that obligates a trial court to advise a sex offender of the residence restriction found in R.C. §2950.031(A).
 {¶ 13} Finally, we are unpersuaded that Crim.R. 11 compels a trial court to inform a sex offender about the residence restriction. As noted above, a trial court need not advise a sex offender about the registration and notification provisions of Chapter 2950 during a Crim.R. 11 plea hearing because they are non-punitive and collateral consequences of a guilty plea. We reach the same conclusion with regard to the residence restriction found in R.C. § 2950.031(A). As we recognized inCondron, supra, "[t]he accused is not generally required to be informed of those `collateral consequences' which result from his conviction, such as the right to vote, loss of passport, business license, and driver's license." We see no reason why loss of the right to live within 1,000 feet of a school cannot be added to this list. Based on our agreement with the trial court's conclusion that the residence restriction in R.C. § 2950.031(A) is non-punitive and remedial in nature, we hold that it is a collateral consequence of a sex-offense conviction, just like the registration and notification requirements of R.C. Chapter 2950. Because the trial court was not required to inform Cupp of the residence restriction prior to accepting his guilty plea, we find no manifest injustice supporting the withdrawal of his plea. Thus, the trial court did not abuse its discretion in overruling his motion. His first assignment of error is overruled.
 {¶ 14} In his second assignment of error, Cupp claims the trial court erred in declining to find an ex post facto violation arising from the application of the residence restriction to him. In support of his argument, Cupp notes that he purchased his home in 2002, that he committed the offense underlying his guilty plea in 2002, and that R.C. § 2950.031(A) did not take effect until July 31, 2003. Based on these facts, he argues that the statute's residence restriction lawfully cannot be applied to him.
 {¶ 15} Although the Ohio Supreme Court held in State v.Cook, 83 Ohio St.3d 404, 1998-Ohio-291, that the registration and notification requirements of R.C. Chapter 2950 do not violate the ex post facto clause of the federal Constitution, Cupp stresses that the residence restriction he challenges did not exist when Cook was decided. He asserts that the residence restriction imposed by R.C. § 2950.031(A) is more onerous than the registration and notification requirements of R.C. Chapter 2950.
 {¶ 16} Upon review, we find Cupp's argument to be without merit. In Doe v. Petro (May 3, 2005), No. 1:05-CV-125, 2005 WL 1038846, the U.S. District Court for the Southern District of Ohio addressed the ex post facto argument raised by Cupp herein. The Doe court denied a temporary restraining order, finding little likelihood of success on the merits of the plaintiffs' claim that R.C. § 2950.031 violates the ex post facto clause. In reaching this conclusion, the federal court held that the statute's residence restriction is "not punitive in nature."
 {¶ 17} Other state and federal courts likewise have held that statutes prohibiting sex offenders from living within a certain distance of schools do not constitute ex post facto violations. These courts generally have reasoned that such residence restrictions have a non-punitive intent and that the effect of the restrictions is not so punitive as to negate the legislature's non-punitive intent. See, e.g., State v. Seering
(Iowa 2005), 701 N.W.2d 655, 666-670; Doe v. Miller (8th
Cir. 2005). 405 F.3d 700 718-723; State v. Leroy (Ill.App. 2005), 828 N.E.2d 769, 779-782; Lee v. State (Ala.App. 2004),895 So.2d 1038, 1041-1044.
 {¶ 18} We are in agreement with the foregoing authorities. We are satisfied that the General Assembly intended the residence restriction in R.C. § 2950.031(A) to be a remedial, non-punitive regulation just like the registration and notification requirements found elsewhere in R.C. Chapter 2950. Indeed, absolutely nothing in R.C. Chapter 2950 suggests otherwise. We are equally persuaded by the State's argument that the residence restriction does not have a punitive effect so severe that it negates the legislature's remedial purpose. Therefore, Cupp has failed to demonstrate that R.C. § 2950.031(A) violates the constitutional prohibition against ex post facto laws. SeeCook, 83 Ohio St.3d at 414-423. Cupp's second assignment of error is overruled.
 {¶ 19} Based on the reasoning set forth above, we hereby affirm the judgment of the Montgomery County Common Pleas Court.
Judgment affirmed.
Wolff, J., and Glasser, J., concur.
(Hon. George Glasser, retired from the Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).