**NASAL, Pros. Atty., Appellee,**

**v.**

**DOVER, Appellant.**

[Cite as *Nasal v. Dover*, 169 Ohio App.3d 262, 2006-Ohio-5584.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 2006–CA–9.

Decided Oct. 20, 2006.

James R. Dicks Jr., Assistant Prosecuting Attorney, for appellee.

Ohio Justice & Policy Center, Stephen JohnsonGrove, and David A. Singleton, for appellant.

---

FAIN, Judge.

{¶ 1} Defendant-appellant Charles M. Dover appeals from an injunction rendered against him pursuant to R.C. 2950.031, requiring him to vacate his residence. Dover contends that the trial court erred by failing to find that the residency restriction provisions of R.C. 2950.031 are unconstitutional because they are impermissibly retroactive and because they violate the Ex Post Facto Clause of the United States Constitution. He further contends that the trial court erred by declining to engage in an examination of the equities prior to rendering the injunction against him. Finally, Dover contends that the trial court incorrectly found that the provisions of R.C. 2721.12 required notification of the Ohio Attorney General prior to making a constitutional challenge of a statute.

{¶ 2} We conclude that, as it pertains to the facts of this case, R.C. 2950.031 is unconstitutional because it does have retroactive application and because it affects a substantive right. Dover's arguments regarding violation of the Ex Post Facto Clause and the failure to balance the equities are rendered moot by our conclusion regarding retroactivity. Finally, we conclude that any error on the part of the trial court concerning application of the R.C. 2721.12 requirement of serving the Ohio Attorney General is harmless, in view of the fact that the trial court did, in fact, consider Dover's argument that R.C. 2950.031 cannot constitutionally be applied to him.

{¶ 3} The judgment of the trial court is reversed, and the injunction requiring Dover to vacate his residence is vacated.

I

{¶ 4} In 1998, Charles Dover pled guilty to attempted gross sexual imposition, stemming from a charge that he attempted to touch a 13–year–old girl inappropriately, over her clothing, while she assisted him in walking down from the bleachers at a basketball game. Following his plea, Dover was sentenced to a jail term of 60 days and was classified as a sexually oriented offender.

{¶ 5} In 2003, the Ohio General Assembly enacted R.C. 2950.031, which prohibits persons convicted of certain sexually oriented offenses from residing within 1,000 feet of a school premises. In 2005, the statute was amended to provide county prosecutors the power to enforce its residency restrictions.

{¶ 6} In 2005, the Miami County Prosecutor, acting pursuant to R.C. 2950.031, filed a complaint seeking to enjoin Dover from continuing to reside in his home, which is located within 1,000 feet of an elementary school. The evidence shows that Dover and his wife have resided in their home for almost 30 years. Dover is now 75 years of age. His wife, who has health problems, is 91.

{¶ 7} The parties stipulated that Dover had been convicted of a sexually oriented offense, and that he resided within 1,000 feet of an elementary school. Following briefing by the parties, the trial court entered judgment against Dover, requiring him to vacate his home. Upon motion, the trial court granted a stay pending appeal.

{¶ 8} From the judgment of the trial court, Dover appeals.

## II

{¶ 9} Dover's first assignment of error is as follows:

{¶ 10} "The trial court erred in finding that § 2950.031 does not violate the Ohio state constitutional prohibition against retroactive laws."

{¶ 11} In this assignment of error, Dover seeks a determination of whether R.C. 2950.031 constitutes an unconstitutionally retroactive application of law.

{¶ 12} We begin by noting that laws enacted by the General Assembly are presumed to be constitutional. *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59, paragraph one of the syllabus. Furthermore, we may not find a law unconstitutional unless it appears "beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." Id.

{¶ 13} The Ohio Supreme Court has recently discussed Ohio's prohibition against retroactive laws in *Smith v. Smith*, 109 Ohio St.3d 285, 2006-Ohio-2419, 847 N.E.2d 414, wherein it stated:

{¶ 14} " 'Section 28, Article II of the Ohio Constitution prohibits the General Assembly from passing retroactive laws and protects vested rights from new legislative encroachments. The retroactivity clause nullifies those new laws that "reach back and create new burdens, new duties, new obligations, or new liabilities not existing at the time [the statute becomes effective]." *Miller v. Hixson* (1901), 64 Ohio St.3d 39, 51, 59 N.E. 749, 752.' *Bielat v. Bielat* (2000), 87 Ohio St.3d 350, 352–353, 721 N.E.2d 28. To determine whether a law is unconstitutionally retroactive, we must first 'determine whether the General Assembly expressly intended the statute to apply retroactively.' Id. at 353, 721 N.E.2d 28. If so, we must determine whether 'the statute is substantive,

rendering it *unconstitutionally* retroactive, as opposed to merely remedial.' (Emphasis sic.) Id." *Smith* at ¶ 6.

{¶ 15} Statutes are presumed to apply only prospectively unless specifically made retroactive. R.C. 1.48. Thus, we must first determine whether the General Assembly intended R.C. 2950.031 to have retroactive application. In doing so, we must look to the language of the statute, which provides:

{¶ 16} "No person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to either a sexually oriented offense that is not a registration-exempt sexually oriented offense or a child-victim oriented offense shall establish a residence or occupy residential premises within one thousand feet of any school premises." R.C. 2950.031(A).

{¶ 17} The statute utilizes alternative tenses when describing the persons subject to its provisions. Specifically, it refers to any individual who "has been convicted of," and also refers to any individual who "is convicted of," a sexually oriented offense. The former can be read to include anyone convicted prior to the enactment date of the statute, while the latter can be read as referring to persons convicted at or after the enactment date. This use of different tenses indicates that the General Assembly intended to include persons convicted prior to the effective date of R.C. 2950.031. We cannot reconcile the use of both the past and present tenses with a construction of the statute that would apply only to persons who are convicted of the predicate offenses after the effective date of the statute.

{¶ 18} Further, the statute uses alternative phrases with regard to the actions prohibited. The statute uses the phrase "shall establish" and "occupy." The phrase "shall establish" indicates that the General Assembly intended to prohibit sexually oriented offenders from commencing to reside in such locations on or after the effective date of the statute. However, "occupy," which indicates a continuing action, means "to take or hold possession of" and "to reside in as an owner or tenant." Webster's Ninth New Collegiate Dictionary (1988) 817. Because "to occupy" is a continuing action, unlike "to establish a residence," which can be thought of as embracing only the initial commencement of the residency, we conclude that this also demonstrates that the General Assembly intended to prohibit someone in Dover's situation from continuing to occupy a residence located within 1,000 feet of a school.

{¶ 19} Finally, had the General Assembly intended the statute to have prospective application only, it could have utilized specific language exempting persons like Dover. For example, in 2002, the Iowa General Assembly enacted a residency restriction law precluding any person convicted of a criminal offense against a minor from residing within 2,000 feet of a school. The legislature, however, exempted, or "grandfathered," persons who had already established a

residence prior to the effective date of the residency restriction law. *Doe v. Miller* (C.A.8, 2005), 405 F.3d 700, 704; Iowa Code 692A.2A.

{¶ 20} We conclude, therefore, that R.C. 2950.031 is intended to apply retroactively.

{¶ 21} We next address the issue of whether the statute affects a substantive right or whether it is merely remedial. A statute is substantive if it impairs or takes away vested rights, affects an accrued substantive right, imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction, or creates a new right. *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 107, 522 N.E.2d 489. "Conversely, remedial laws are those affecting only the remedy provided, and include laws that merely substitute a new or more appropriate remedy for the enforcement of an existing right." *State v. Cook* (1998), 83 Ohio St.3d 404, 411, 700 N.E.2d 570.

{¶ 22} "Ohio has always considered the right of property to be a fundamental right." *Norwood v. Horney,* 110 Ohio St.3d 353, 2006-Ohio-3799, 853 N.E.2d 1115, ¶ 38. "There can be no doubt that the bundle of venerable rights associated with property is strongly protected in the Ohio Constitution and must be trod upon lightly, no matter how great the weight of other forces." Id.

{¶ 23} In this case, Dover owned and occupied his current residence both before he was convicted of a sexual offense and before the enactment of R.C. 2950.031. The provisions of the statute would require him to leave his home, at least, if not also to divest himself of ownership of his home. We conclude that this affects a substantive right—specifically, Dover's right to maintain the residence he owned and in which he resided for years prior to the enactment of R.C. 2950.031. Thus, we find that the residency restriction of R.C. 2950.031, as applied to the facts of this case, constitutes a retroactive law affecting a substantive right. We therefore conclude that R.C. 2950.031 is unconstitutional when it is applied to require an owner and occupier of real estate, who owned and occupied the real estate before the enactment of the statute, and whose predicate offense occurred before the enactment of the statute, to vacate the residence.

{¶ 24} Dover's first assignment of error is sustained.

III

{¶ 25} Dover's second and third assignments of error are as follows:

{¶ 26} "The trial court erred in finding that § 2950.031 does not violate the Ex Post Facto Clause as applied to Mr. Dover.

{¶ 27} "The trial court erred in concluding that it need not engage in a balancing of the equities under § 2950.031."

{¶ 28} Dover contends that the trial court erred in determining that R.C. 2950.031 does not violate the Ex Post Facto Clause of the United States Constitution. He also contends that the trial court erred in determining that it need not balance the equities when deciding whether to grant the injunction sought by the Miami County Prosecutor. Given our disposition of Dover's first assignment of error, in Part II above, we conclude that these arguments are rendered moot. Accordingly, Dover's second and third assignments of error are overruled.

## IV

{¶ 29} For his fourth assignment of error, Dover asserts the following:

{¶ 30} "The trial court erred in suggesting that defendant-appellant was required to notify the Attorney General of his constitutional defenses pursuant to R.C. § 2721.12."

{¶ 31} Dover contends that the trial court erred by stating, in its judgment entry, that it questioned whether it had jurisdiction to consider Dover's constitutional challenges to R.C. 2950.031. Specifically, the trial court noted that Dover had failed, pursuant to R.C. 2721.12, to notify the Ohio Attorney General of the pendency of his claims. Dover contends that this is an incorrect statement of the law.

{¶ 32} We note that the trial court, despite its statement, proceeded to address all of the constitutional issues raised by Dover. Thus, any misstatement of the law in this regard was harmless error. Dover's fourth assignment of error is overruled.

## V

{¶ 33} Dover's first assignment of error having been sustained, the judgment of the trial court is reversed, and the injunction entered herein is vacated.

Judgment reversed.

BROGAN and WOLFF, JJ., concur.