OPINION *Page 2 
{¶ 1} On March 14, 2001, appellant, David Slack, pled guilty to one count of gross sexual imposition in violation of R.C. 2907.05. Appellant was classified as a sexually oriented offender and was subject to the registration requirements of R.C. 2950.04.
 {¶ 2} On July 31, 2003, R.C. 2950.031 was enacted which prohibited a sexually oriented offender from living within one thousand feet of a school. On May 2, 2005, appellee, David Yost, Delaware County Prosecutor, filed a complaint and motion for preliminary and permanent injunction seeking to enforce R.C. 2950.031 against appellant because appellant lived within one thousand feet of a school. Hearings were held on December 9, 2005 and February 17, 2006. By judgment entry filed March 13, 2006, the trial court granted appellee's motion for permanent injunction and ordered appellant to immediately remove himself from the residence.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO FIND THAT OHIO'S SEX OFFENDER RESIDENCY RESTRICTION VIOLATES THE EX POST FACTO CLAUSE AS APPLIED TO DAVID SLACK."
 I {¶ 5} Appellant claims the trial court erred in failing to find R.C.2950.031 violates ex post facto laws. We disagree. *Page 3 
 {¶ 6} Two districts have examined this issue. Our brethren from the First District in Hyle v. Porter, Hamilton App. No. C-050768,2006-Ohio-5454, ¶ 20, held the statute does not violate ex post facto laws. Our brethren from the Second District has examined the issue in two different opinions, State v. Cupp, Montgomery App. Nos. 21176 
21348, 2006-Ohio-1808, and Nasal v. Dover, Miami App. No. 2006-CA-9,2006-Ohio-5584. In Cupp at ¶ 18, Judge Brogan found the statute does not violate ex post facto laws. Judges Wolff and Glasser concurred in the opinion. In Nasal at ¶ 23, Judge Fain found the statute was unconstitutional because it was a retroactive law affecting a substantive right. The ex post facto argument therein was deemed moot.Nasal at ¶ 28. Judges Wolff and Brogan concurred in the opinion. We note the Supreme Court of Ohio has certified the issue as a conflict, citing the Hyle and Nasal decisions. See, 02/28/2007 Case Announcements,2007-Ohio-724.
 {¶ 7} Upon review of the decisions, we agree with the well-reasoned opinion in Hyle. Based upon the analysis in Hyle, we find the trial court did not err in failing to find R.C. 2950.031 violates ex post facto laws.
 {¶ 8} The sole assignment of error is denied. *Page 4 
 {¶ 9} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
Farmer, J. Gwin, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed. *Page 1