The STATE of Ohio, Appellee,

v.

MUTTER, Appellant.

[Cite as *State v. Mutter,* 171 Ohio App.3d 563, 2007-Ohio-1052.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 21374.

Decided March 9, 2007.

564

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Carley J. Ingram, Assistant Prosecuting Attorney, for appellee.

James A. Mutter, pro se.

---

FAIN, Judge.

{¶ 1} Defendant-appellant, James Mutter, appeals from an order requiring him to relocate his residence so that it is not within 1,000 feet of a school, which is prohibited by R.C. 2950.031. Mutter, who is pro se, argues in his brief merely that the imposition of this requirement is a severe hardship upon him. This argument was not raised in the trial court; therefore, it has been waived and may not now be argued for the first time on appeal. But in the trial court, Mutter, who was then represented by counsel, asserted, unsuccessfully, that the application of R.C. 2950.031 to him offends the retroactive laws provision of Section 28,

Article II of the Ohio Constitution. Because this issue was fully developed and argued in the trial court and because we recently decided this issue favorably to Mutter's position, in *Nasal v. Dover*, 169 Ohio App.3d 262, 2006-Ohio-5584, 862 N.E.2d 571, we decided in the interests of justice to address this issue, notwithstanding that Mutter has failed to argue it herein. By entry, we afforded the state an opportunity to address this issue by supplemental brief, and it has done so.

{¶ 2} The state contends, first, that Mutter cannot raise the issue of the constitutionality of the statute, because he has failed to serve the Ohio Attorney General with notice, as required by R.C. 2721.12. We conclude that notice is only required under that statute where the constitutionality of a statute is raised in a declaratory judgment action, which this is not.

{¶ 3} The state contends that application of R.C. 2950.031 to Mutter does not violate the retroactive laws provision of Section 28, Article II of the Ohio Constitution. We disagree. Accordingly, the order from which this appeal is taken is reversed and vacated.

I

{¶ 4} Mutter began living at 2150 Kildare Avenue, in Dayton, in 1977. In late 2002, he was charged by indictment with two counts of gross sexual imposition involving children under the age of thirteen. In April 2003, Mutter was convicted and sentenced to five years of community-control sanctions.

{¶ 5} R.C. 2950.031 became effective July 31, 2003. By its terms, a sexual offender, like Mutter, may not establish a residence or "occupy residential premises within one thousand feet of any school premises." Mutter's residence is within 1,000 feet of John H. Morrison Elementary School.

{¶ 6} In November 2004, the Montgomery County Common Pleas Court Adult Probation Department notified Mutter that he was in violation of R.C. 2950.031 and that he would have to relocate his residence or face probation revocation. In August 2005, Mutter not having relocated, a Notice of Community Control Violation was filed.

{¶ 7} At the hearing on the notice, at which Mutter was represented by counsel, the facts were not in dispute, but Mutter argued that R.C. 2950.031 could not be applied retroactively to him. The trial court disagreed, and ordered Mutter to relocate his residence within 30 days or receive a one-year prison sentence upon a finding that he had violated the terms of his community-control sanction. From this order, Mutter appeals.

## II

{¶ 8} Mutter, who is acting pro se, has not set forth assignments of error in his two-page brief, but we infer his sole assignment of error to be:

{¶ 9} "The trial court erred by ordering the defendant to relocate his residence, pursuant to R.C. 2950.031, because it would work a severe hardship upon him to do so."

{¶ 10} We infer this assignment of error from the contents of Mutter's brief, which lays out in some detail the financial difficulties he faces, the poor health of himself and his spouse, who lives with him, and whom he supports, and the expense of their medications. We agree with the state that Mutter may not raise this issue on appeal, since he did not do so in the trial court, thereby depriving the state of any opportunity it might have had to develop these factual issues favorably to the state.

{¶ 11} Mutter's sole assignment of error is overruled.

## III

{¶ 12} We recently decided, in *Nasal v. Dover*, 169 Ohio App.3d 262, 2006-Ohio-5584, 862 N.E.2d 571, that, as applied to a person (1) convicted of a sexual offense before the effective date of the statute and (2) who has resided within 1,000 feet of a school before the effective date of the statute, and continues to so reside, the prohibition in R.C. 2950.031(A) does violate the retroactive laws provision of Section 28, Article II of the Ohio Constitution. In view of that decision, by entry filed herein October 31, 2006, we directed the parties to file supplemental briefs addressed to that issue. Mutter has not done so. Nevertheless, we conclude that it is in the interests of justice to address this issue, since it was fully developed in the trial court.

{¶ 13} We gave the state an opportunity to file a supplemental brief on this issue, and it has done so.

### A. The Notice Requirement of R.C. 2721.12 Does Not Apply

{¶ 14} The state first contends that Mutter is not entitled to have us consider the constitutional argument, because R.C. 2721.12 requires that "if any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general [of Ohio] also shall be served with a copy of the complaint in the action or proceeding and shall be heard." The Ohio Attorney General was never served with any pleadings in this case.

{¶ 15} The Ohio Supreme Court has declared that the requirement of notification of the Ohio Attorney General set forth in R.C. 2721.12 applies only to

declaratory judgment actions. *Cleveland Bar Assn. v. Picklo*, 96 Ohio St.3d 195, 2002-Ohio-3995, 772 N.E.2d 1187, ¶ 6–7. See, also, *Walker v. Jefferson Cty.*, Jefferson App. No. 02JE14, 2003-Ohio-3490, 2003 WL 21505472, ¶ 15–17.

## B. The Application of R.C. 2950.031 to Mutter Violates the Retroactive Laws Clause in Article II, Section 28 of the Ohio Constitution

██ ██ {¶ 16} As noted, we recently decided, in *Nasal v. Dover*, supra, that the application of the requirement in R.C. 2950.031 that a convicted sexual offender shall not reside within 1,000 feet of a school to a person who (1) resided in, and owned, his home and (2) was convicted of the predicate sexual offense, prior to the 2003 effective date of R.C. 2950.031 violates the Retroactive Laws Clause in Section 28, Article II of the Ohio Constitution. The state, recognizing that this case is not distinguishable from *Nasal v. Dover*, supra, urges us to reconsider our holding in that case.

{¶ 17} The state first argues that the fundamental right of property, described in *Norwood v. Horney*, 110 Ohio St.3d 353, 2006-Ohio-3799, 853 N.E.2d 1115, ¶ 38, as "the bundle of venerable rights associated with property * * * strongly protected in the Ohio Constitution * * * [to be] trod upon lightly, no matter how great the weight of other forces," includes only the right of ownership, not the right to occupy residential property, which the state relegates to a status less than substantive. We cannot construe the holding in *Norwood v. Horney* so narrowly. In introducing the subject of individual property rights, the opinion in that case declares:

{¶ 18} "The rights related to property, i.e., to acquire, *use, enjoy,* and dispose of property, *Buchanan v. Warley* (1917), 245 U.S. 60, 74, 38 S.Ct. 16, 62 L.Ed. 149, are among the most revered in our law and traditions. Indeed, property rights are integral aspects of our theory of democracy and notions of liberty. * * *

{¶ 19} "Believed to be derived from a higher authority and natural law, property rights were so sacred that they could not be entrusted lightly to 'the uncertain virtue of those who govern.' *Parham v. Justices of Decatur Cty. Inferior Court* (Ga.1851), 9 Ga. 341, 348. * * * As such, property rights were believed to supersede constitutional principles. 'To be * * * protected and * * * secure in the *possession* of [one's] property is a right inalienable, a right which a written constitution may recognize or declare, but which existed independently of and before such recognition, and which no government can destroy.' *Henry v. Dubuque Pacific RR. Co.* (1860), 10 Iowa 540, 543." (Emphasis added.) Id. at ¶ 34–35.

{¶ 20} As the emphasized words clearly declare, it is not merely the technical ownership of property that enjoys fundamental constitutional protection, but the

right of the use and enjoyment of property, which is part of the bundle of ownership rights. In our view, this would clearly include the right to reside in residential property.

{¶ 21} To come within the compass of the retroactive laws provision of Section 28, Article II, it is only necessary that the right be substantive; the right need not be substantial. In this context, "substantive" is used in contrast to "remedial," but remedial in the sense that "remedial laws are those affecting only the remedy provided, and include laws that merely substitute a new or more appropriate remedy for the enforcement of an existing right." *State v. Cook* (1998), 83 Ohio St.3d 404, 411, 700 N.E.2d 570.

{¶ 22} Unfortunately, the word "remedial" has a different meaning in the context of the jurisprudence surrounding the more limited concept of an ex post facto law, forbidden by Section 9, Article I of the United States Constitution. In that context, "remedial" is used in contradistinction to a punitive statute. That is why neither R.C. 2950.031 nor 2950.04 and .05, which impose reporting and registration requirements for convicted sexual offenders, violate the Ex Post Facto Clause. These are not punitive statutes, but "remedial," in the sense that they are intended to remedy the dangers to children posed by sexual offenders, not to punish the sexual offenders.

{¶ 23} In the context of the retroactive laws provision of Section 28, Article II of the Ohio Constitution, an example of a remedial law would be one that changes the procedure by which an owner of property may secure a writ of restitution to the property, while preserving the owner's effective right to the property.

{¶ 24} Viewed in this light, we have no difficulty in continuing to view an owner and occupier of residential property as possessing a substantive right to continue to own *and occupy* that property. That right, venerable though it may be, may be taken away prospectively. Thus, we have no difficulty with the application of R.C. 2950.031 to a person who commits a sexual offense after the effective date of the statute, just as we would have no difficulty with taking away that person's liberty, for a statutorily proscribed period of time, after being convicted of the offense. But we cannot view the right to continue to own and occupy residential property to be so ephemeral that it does not even qualify as a substantive right.

{¶ 25} The state cites *State v. Cupp*, Montgomery App. Nos. 21176 and 21348, 2006-Ohio-1808, 2006 WL 925174, for the proposition that R.C. 2950.031 does not violate the Retroactive Laws Clause of Section 28, Article II of the Ohio Constitution. In that appeal, the retroactive laws issue was not addressed; the appeal was analyzed solely in terms of the Ex Post Facto Clause, which we found not to be violated by a retroactive application of R.C. 2950.031, just as we likewise found the Ex Post Facto Clause not to be violated in *Nasal v. Dover*, supra.

Being limited to punitive laws, the Ex Post Facto Clause has more limited scope than the retroactive laws provision.

{¶ 26} Finally, the state cites *State v. Goode* (Mar. 27, 1998), Miami App. No. 97–CA–14, 1998 WL 404026. That appeal involved the retroactive application of the reporting and registration requirements for sexual offenders. Onerous as these requirements may be, we cannot find that they deprive a prior sexual offender of a substantive right in the same sense that depriving the offender, by subsequent legislation, of the right to continue to reside in his home amounts to deprivation of a substantive right. These rights—to be free of the burden of registration and periodic reporting, and to continue to live in one's home—are not in the same class. Therefore, we conclude that our holding in *State v. Goode*, supra, is distinguishable.

## IV

{¶ 27} We conclude that the application to Mutter of the prohibition, in R.C. 2950.031, against residing within 1,000 feet of a school, violates the retroactive laws provision of Section 28, Article II of the Ohio Constitution. Accordingly, the order from which this appeal is taken is reversed and vacated.

Judgment reversed.

GRADY and DONOVAN, JJ., concur.