JOURNAL ENTRY AND OPINION
{¶ 1} Kenneth Rapoport ("Rapoport") appeals from the trial court's grant of summary judgment, which enjoined him from residing at his home in Lyndhurst, Ohio pursuant to statute. Rapoport argues that genuine issues of material fact remain to be litigated and R.C. 2950.031(A), as applied to him, is unconstitutional. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On December 16, 2005, Rapoport pleaded guilty to pandering sexually oriented matter involving a minor and possession of criminal tools. This occurred after Rapoport, a fifty-five year-old married man with two emancipated children, downloaded and transmitted pornographic images involving under-age children. On January 31, 2006 the trial court classified Rapoport as a sexual predator.
 {¶ 3} On April 12, 2006, the City of Lyndhurst ("City") filed a complaint and request for temporary restraining order and injunction against Rapoport pursuant to R.C. 2950.031. R.C. 2950.031 provides that if an individual has pleaded guilty to a *Page 2 
sexually oriented offense that is not a registration-exempt sexually oriented offense, that person shall not occupy a residential premises within 1,000 feet of any school premises. The statute further provides that if the statute is being violated, the City has a cause of action for injunctive relief against the person.
 {¶ 4} The complaint alleged that Rapoport resided within 1,000 feet of a school's premises and that pursuant to R.C. 2950.031, he was not authorized to occupy the residential premises and would need to vacate the residence. In essence, the City claimed that although Rapoport did not live within 1,000 feet of Sunview School, Rapoport did live within 1,000 feet of a pedestrian walkway, which is part of the Sunview School premises.
 {¶ 5} Rapoport has lived with his wife at 5496 Lansbury Lane, in Lyndhurst, Ohio since November 2, 1979. Rapoport answered the complaint and claimed that he did not occupy a residential premises within 1,000 feet of any school premises as of January 31, 2006, the date of his sentencing and sexual predator classification.
 {¶ 6} In response to this claim, the City Engineer, Jeffrey Filarski ("Filarski") initiated an investigation as to the location of Rapoport's house as it related to the premises of Sunview School. Filarski concluded that Sunview School is located in the City and bears Cuyahoga County Auditor's Permanent Parcel No. 714-15-001. Part of Sunview School premises are athletic fields located to the south of the school building itself, as well as a pedestrian lane running north and south to Edenhall *Page 3 
Drive. Filarski indicated that this pedestrian lane is part of Cuyahoga County Auditor's Permanent Parcel No. 714-15-001, the Sunview School Premises.
 {¶ 7} Rapoport filed a brief in opposition claiming that the South Euclid-Lyndhurst Board of Education did not acquire title to the pedestrian lane until August 2, 2006, and therefore, he did not live within 1,000 feet of the Sunview School's premises at the time he committed his crime and could not be forced to leave his residence pursuant to R.C. 2950.031.
 {¶ 8} On December 13, 2006, the trial court granted summary judgment in favor of the city and enjoined Rapoport from residing at 5496 Lansbury Lane, Lyndhurst, Ohio. In making this decision, the trial court concluded the following: Rapoport resided at 5496 Lansbury Lane and was classified as a sexual predator; the South Euclid-Lyndhurst Board of Education owns the property known as Sunview School, permanent parcel number 714-15-001; the South Euclid-Lyndhurst Board of Education owns a one-half interest in the ten foot-wide pedestrian walkway that is part of permanent parcel number 714-15-001. The trial court then determined that Rapoport's residence was within 1,000 feet of the Sunview School's premises.
 {¶ 9} Rapoport appeals, raising the seven assignments of error contained in the appendix to this opinion.
 {¶ 10} In his first assignment of error, Rapoport argues that genuine issues of material fact remain as to whether the South Euclid-Lyndhurst Board of Education *Page 4 
owned the pedestrian walkway at the time he committed his crime. This assignment of error lacks merit.
 {¶ 11} We review an appeal from summary judgment under a de novo standard of review. Baiko v. Mays (2000), 140 Ohio App.3d 1. Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. Id.; Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704. Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) no genuine issues as to any material fact exist, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party. Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317.
 {¶ 12} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107. If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. Id. at 293.
 {¶ 13} As stated above, R.C. 2950.031(A) provides that no person who has pleaded guilty to a "sexually oriented offense that is not a registration-exempt *Page 5 
sexually oriented offense * * * shall establish a residence or occupy residential premises within one thousand feet of any school premises."
 {¶ 14} In its motion for summary judgment, the City argued that Rapoport lived within 1,000 feet of the pedestrian walkway, which is owned by the South Euclid-Lyndhurst Board of Education. In support of this motion, the City provided an affidavit from Filarski, its engineer, who concluded in his professional opinion, that Rapoport's residence was located within 1,000 feet of the Sunview School premises. Filarski supported this conclusion with the following evidence: an initial title status letter indicating this pedestrian lane is part of the Sunview School Premises; Cuyahoga County Auditor's tax maps indicating the location of the pedestrian lane and indicating that the lane is part of Sunview School Premises; the subdivision plat for Berkeley Plaza Estates, which was filed with the Cuyahoga County Recorder on July 11, 1960, indicating the pedestrian lane is part of Sunview School Premises; and, an aerial photograph indicating that Rapoport's residence is located within 1,000 feet of the Sunview School Premises.
 {¶ 15} Accordingly, the City has met its initial burden of showing that Rapoport's residence is within 1,000 feet of the South Euclid-Lyndhurst Board of Education owned pedestrian walkway. In response, Rapoport argues that the Board of Education did not own the premises when he was classified as a sexual predator *Page 6 
and, therefore, he cannot be forced to move from his residence. This argument lacks merit.
 {¶ 16} The evidence in the record reveals that the South Euclid-Lyndhurst Board of Education owns the property known as Sunview School, permanent parcel number 714-15-001 as well as a one-half interest in the ten-foot wide pedestrian walkway that is part of permanent parcel number 714-15-001. Because Rapoport's residence is within 1,000 feet of the ten-foot walkway, he is in violation of R.C.2950.031 and should be enjoined from residing at his current residence.
 {¶ 17} Rapoport's allegation that the school board did not own the walkway at the time of his sexual predator classification is irrelevant. Primarily, the City has refuted any claim that they did not possess the one-half interest until 2006 with a title status letter, a Cuyahoga County Auditor tax map, the subdivision plat map and aerial photographs, all supporting its argument that they owned the walkway in 1960. Secondly, Rapoport has failed to provide us with any authority for the position that if you do not live within 1,000 feet of a school premises at the time of classification, you will not be subjected to the provisions of R.C. 2950.031. Therefore, Rapoport has failed to raise the existence of a genuine issue of material fact.
 {¶ 18} Accordingly, the trial court correctly granted summary judgment in favor of the City. Rapoport's first assignment of error is overruled. *Page 7 
 {¶ 19} In his second assignment of error, Rapoport argues that R.C.2950.031, as applied to him, violates the ex post facto clause of the Ohio and United States Constitutions. Additionally, although not directly briefed, Rapoport also argues that R.C. 2950.031 violates the prohibition against retroactive law. Both arguments lack merit.
 {¶ 20} Two districts have examined this issue. In Hyle v. Porter, Hamilton App. No. C-050768, 2006-Ohio-5454, the First District Court of Appeals held that R.C. 2950.031 does not violate ex post facto laws or the Ohio Constitution's prohibition against retroactive laws. The Second District has examined this issue in two different opinions. In Nasal v.Dover, Miami App. No. 2006-CA-9, 2006-Ohio-5584, the court found the statute was unconstitutional because it was a retroactive law affecting a substantial right. In State v. Cupp, Montgomery App. Nos. 21176 
21348, 2006-Ohio-1808, the court found the statute does not violate the ex post fact laws. We note the Supreme Court of Ohio has certified the issue as a conflict, citing the Hyle and Nasal decisions. See February 28, 2007 Case Announcements, 2007-Ohio-724.
 {¶ 21} Upon review of the decisions, we agree with the First District's decision in Hyle. See, also, State ex rel. David Yost v DavidW. Slack, Delaware App. No. 06CAE030022, 2007-Ohio-1077. Based on the analysis in Hyle, we find the trial *Page 8 
court did not err in failing to find R.C. 2950.031 violates ex post facto laws or the prohibition against retroactive laws.
 {¶ 22} Rapoport's second assignment of error is overruled.
 {¶ 23} In his third, fourth, fifth and seventh assignments of error, Rapoport raises arguments for the first time on appeal. Accordingly, all issues raised therein have been waived and we decline to consider them for the first time on appeal. See State v. Bombardiere, Union App. No. 14-06-27, 2007-Ohio-1537; State v. Awan (1986), 22 Ohio St.3d 120.
 {¶ 24} In his sixth assignment of error, Rapoport argues that the trial court erred when it did not meaningfully engage in a balancing of the equities. This assignment of error lacks merit.
 {¶ 25} When the trial court granted summary judgment in favor of the City, the court stated the following: "further, this court is mindful of the public policy concerns regarding public safety. The court also recognizes the basic right to own property and, therefore, must balance these two important issues in rendering this opinion." Accordingly, the conclusions of law reflects that the trial court did consider the public policy concerns regarding safety. Moreover, Rapoport fails to set out any reason why the statute requires the equities to be balanced.
 {¶ 26} Rapoport's sixth assignment of error is overruled.
 {¶ 27} The judgment of the trial court is affirmed. *Page 9 
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and MELODY J. STEWART, J., CONCUR
 APPENDIX A Assignments of Error:
 "I. The trial court improperly granted Appellee's motion for summary judgment because there is a genuine issue of material fact remaining as to whether or not defendant-appellant resided within 1,000 feet of a school as of January 31, 2006, the date he was sentenced on his plea of guilty to pandering sexually oriented matter involving a minor and possession of criminal tools. On January 31, 2006, the date defendant-appellant was sentenced, he did not reside within 1,000 feet of a school. The South Euclid-Lyndhurst Board of Education did not own the pedestrian walkway in question and the actual school premises was more than 1,000 feet from defendant-appellant's residence. The trial court improperly granted the city summary judgment and actually should have granted defendant-appellant summary judgment.
 II. The trial court improperly applied O.R.C. 2950.031 to defendant-appellant in this matter and its application constitutes an unconstitutional inpingement (sic) upon defendant-appellant's exercise of his property rights specifically granted by the Ohio Constitution and, therefore, is unenforceable both under the Ohio and United States Constitution.
 III. The trial court's retroactive application of O.R.C. 2950.031 as applied to this defendant-appellant, violated his constitutional due process rights and, therefore, is unenforceable.
 IV. The trial court erred by applying O.R.C. 2950.031 retroactively in violation of the Ohio Constitution and O.R.C. 1.48.
 V. The trial court's application of O.R.C. to defendant-appellant violates the constitutional protection against ex post facto laws.
 VI. The trial court erred by failing to meaningfully engage in a balancing of the equities under O.R.C. 2950.031.
 VII. O.R.C. 2950.031 as applied to defendant-appellant herein demonstrates a bill of attainder prohibited by Article I, Section 9 and 10 to the federal constitution."