OPINION *Page 2 
{¶ 1} Appellant Maurice Scanlon, Jr. appeals the decision of the Court of Common Pleas, Licking County, which classified him a sexual predator. The relevant facts leading to this appeal are as follows.
 {¶ 2} In 1993, following a no contest plea agreement which dismissed several other counts, appellant was convicted and sentenced on one count of rape (R.C. 2907.02) and two counts of sexual battery (R.C. 2907.03). Appellant was sentenced to an indeterminate sentence of eight to twenty-five years on the rape count and one and one-half years on each sexual battery count. The sentences on the sexual battery counts were ordered to be served concurrently to each other, but consecutive to the sentence on the rape count. In 1995, appellant sought leave to file a delayed appeal from his conviction and sentence, which this Court granted. This Court thereafter affirmed the decision of the trial court. See State v. Scanlon (June 29, 1998), Licking App. No. 95-CA-134.
 {¶ 3} On December 15, 2006, appellant appeared before the trial court for sexual predator proceedings pursuant to R.C. 2950.01 et seq. Following a hearing on January 11, 2007, appellant was found to be a sexual predator subject to both registration and community notification.
 {¶ 4} On February 5, 2007, appellant filed a notice of appeal. He herein raises the following three Assignments of Error:
 {¶ 5} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN CLASSIFYING THE DEFENDANT-APPELLANT AS A SEXUAL PREDATOR. *Page 3 
 {¶ 6} "II. THE CLASSIFICATION OF THE DEFENDANT-APPELLANT AS A SEXUAL PREDATOR WAS UNCONSTITUTIONAL.
 {¶ 7} "III. THE PLEA OF THE DEFENDANT-APPELLANT IN THE PROCEEDINGS BELOW WAS NOT KNOWINGLY AND INTELLIGENTLY ENTERED."
 I. {¶ 8} In his First Assignment of Error, appellant argues the trial court erred in classifying him as a sexual predator. We disagree.
 {¶ 9} R.C. 2950.01(E)(1) defines "sexual predator" as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In State v. Cook (1998), 83 Ohio St.3d 404,700 N.E.2d 570, the Ohio Supreme Court determined that R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review appellant's Assignment of Error under the standard of review contained in CE. MorrisCo. v. Foley Construction (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. Under this standard, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.Id. at syllabus.
 {¶ 10} R.C. 2950.09(B)(3) sets forth the relevant factors a trial court is to consider in regard to the sexual predator issue:
 {¶ 11} "In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 12} "(a) The offender's or delinquent child's age; *Page 4 
 {¶ 13} (b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 14} (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 15} (d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 16} (e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 17} (f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 18} (g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 19} (h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 20} (i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty; *Page 5 
 {¶ 21} (j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 22} In the case sub judice, the female victim reported that appellant sexually abused her from the age of six until age sixteen. Tr. at 14. The State's expert opined that appellant is the "type of offender [who] will find a vulnerable and opportune victim." Tr. at 16. The trial court further set forth, inter alia, the following analysis:
 {¶ 23} "Further, the Court notes that the defendant has been convicted of sexually oriented offenses as defined in the Ohio Revised Code. The Court considers as factors to be considered the age of the victim of the sexually oriented offense for which the sentence was imposed; further, the nature of the offender's sexual conduct, sexual contact or interaction in a sexual context with the victim of the sexually oriented offense, and whether the sexual conduct * * * was part of a demonstrated pattern of abuse. The Court considers additional behavior characteristics as follows: The abuse occurred over a prolonged period of time. Further, the defendant has not received sexual offender treatment while incarcerated. The Court further finds that the defendant is a high risk to re-offend." Tr. at 33-34.
 {¶ 24} Despite the foregoing, appellant emphasizes that the State's investigation indicated he had no prior or subsequent criminal history, neither charges nor convictions, and that while in prison in the present case, his record showed he had "excellent conduct adjustment." While appellant did not receive sex offender treatment while in prison, he did express remorse for his crimes and a desire to undergo future treatment. Appellant also notes that the State's expert stated that appellant scored at a *Page 6 
low level of risk to re-offend based on one of the empirical evaluation tools used in Department of Corrections testing. See Tr. at 26-27.
 {¶ 25} Nonetheless, upon review, we find that the trial court considered the elements set forth in R.C. 2950.09(B)(3) and that there was competent, credible evidence to support the sexual predator findings made by the trial court at the classification hearing. Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 26} In his Second Assignment of Error, appellant contends trial court's classification of him as a sexual predator was unconstitutional. We disagree.
 {¶ 27} Appellant first concedes the Ohio Supreme Court has held that Ohio's sexual predator statute does not violate the retroactivity clause of the Ohio Constitution (Section 28, Article II) or the ex post facto clause of the United States Constitution (Section 10, Article I). SeeCook, supra, at paragraphs one and two of the syllabus. However, appellant urges that we reexamine the constitutionality of R.C. 2950.01
et seq., in light of changes that have occurred since 1998, particularly the impact of R.C. 2950.031 (re-codified as R.C. 2950.034) and similar local ordinances which restrict certain residency rights of sexual predators. Appellant particularly directs us to two recent decisions from the Second District Court of Appeals, Nasal v. Dover, Miami App. No. 2006-CA-9, 2006-Ohio-5584, and State v. Mutter, 171 Ohio App.3d 563,2007-Ohio-1052, both of which found former R.C. 2950.031
unconstitutional as applied.
 {¶ 28} In State ex rel. Yost v. Slack, Delaware App. No. 06CAE030022,2007-Ohio-1077, ¶ 6, we considered this same constitutional argument, noting that at least one other appellate district, the First District, had found R.C. 2950.031 constitutional, *Page 7 
contrary to the Nasal court. Based upon our analysis of the former court's opinion in Hyle v. Porter, Hamilton App. No. C-050768,2006-Ohio-5454, ¶ 20, we affirmed the trial court's conclusion that R.C.2950.031 did not violate ex post facto provisions.
 {¶ 29} We are not herein persuaded to deviate from our holding inYost, supra. Appellant's Second Assignment of Error is therefore overruled.
 III. {¶ 30} In his Third Assignment of Error, appellant maintains that his original plea was not knowingly, intelligently, and voluntarily entered, and he is thus subject to resentencing. We disagree.
 {¶ 31} Appellant, citing Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126, essentially argues that the trial court should have vacated his 1995 plea because he was not adequately apprised of the potential for a future sexual predator finding and the concomitant residency restrictions against him. In Hernandez, an action for a writ of habeas corpus, the Ohio Supreme Court held that the Adult Parole Authority lacked authority to impose postrelease control on an offender, whose prison sentence was completed, who had not been advised by the trial court of statutorily required postrelease control. Id. at ¶ 28. The Supreme Court therein stated: "* * * Confidence in and respect for the criminal-justice system flow from a belief that courts and officers of the courts perform their duties pursuant to established law. In this case, neither the trial judge, the prosecutor, nor the defense counsel advised the defendant at the hearing, or in a journal entry, that his liberty would continue to be restrained after he served his sentence. That omission violated not only the statute, but the spirit of the changes in criminal sentencing underlying Senate Bill 2." Id. at ¶ 31. *Page 8 
 {¶ 32} We first note that several Revised Code provisions addressing post release control have been amended subsequent to Hernandez. See, e.g., State v. Baker, Hamilton App. No. C-050791, 2006-Ohio-4902, f.n. 5. Nonetheless, even if we were to apply the due process concerns regarding post-release control notification to the sexual predator statutory scheme, Hernandez dealt with a defendant whose prison sentence had already been completed. See, e.g., State v. Hill, Hamilton App. No. C-060727, 2007-Ohio-3085, ¶ 13-14. See, also, State ex rel. Cruzado v.Zaleski, 111 Ohio St.3d 353, 856 N.E.2d 263, 2006-Ohio-5795. In the case sub judice, appellant has not yet served his full sentence, and thus fails to establish his asserted right to a resentencing hearing under aHernandez-based theory.
 {¶ 33} Accordingly, appellant's Third Assignment of Error is overruled.
 {¶ 34} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Licking County, Ohio, is affirmed.
 Wise, J. Gwin, P. J., and Delaney, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
 Costs to appellant. *Page 1