OPINION
{¶ 1} Defendant-appellant, James E. Walker, appeals from a judgment of the Franklin County Court of Common Pleas granting plaintiff-appellee, Franklin County Prosecuting Attorney, summary judgment on plaintiff's complaint seeking to enjoin defendant from residing within 1,000 feet of a school premises per R.C. 2950.031's residency restriction for certain sexually oriented offenders. Because no genuine issue of material fact exists and plaintiff is entitled to judgment as a matter of law, we affirm. *Page 2 
 {¶ 2} By indictment filed June 4, 2003, defendant was charged with one count of gross sexual imposition against a child in violation of R.C.2907.05, a third-degree felony and a sexually oriented offense, as that term is defined in R.C. 2950.01(D). According to the indictment, the predicate offense occurred on or about January 12, 1999 to January 11, 2001. Defendant entered a guilty plea in December 2004 to the charged offense, and the trial court subsequently convicted him, found him to be a sexual predator pursuant to R.C. 2950.09, and sentenced him to five years community control.
 {¶ 3} As a sexually oriented offender who was sentenced after July 1, 1997 and was not registration exempt, defendant also was required to register as a sex offender, and register his residence address, with the sheriff of the county in which he resides. See R.C. 2950.04. In 2003, the Ohio General Assembly enacted R.C. 2950.031, effective July 31, 2003, which prohibits registered sex offenders from residing within 1,000 feet of school premises. In 2005, the statute was amended to provide county prosecutors with the power to enforce its provisions through a cause of action for injunctive relief. The statute again was amended in July 2007 and was recodified as R.C. 2950.034. Because the 2007 amendments are not material here, we analyze R.C. 2950.031 as in effect before its 2007 amendment and recodification.
 {¶ 4} In January 2006, the Franklin County Prosecutor filed a complaint against defendant pursuant to R.C. 2950.031 seeking to enjoin him from residing within 1,000 feet of school premises. Plaintiff moved for summary judgment, arguing the evidence showed no dispute that defendant was in violation of R.C. 2950.031's residency restrictions. Specifically, at the time of defendant's conviction and sentencing as a sexual *Page 3 
offender, as well as when plaintiff filed its complaint in January 2006, defendant resided within 1,000 feet of school premises at 732 Mithoff Street, where he had lived for over 20 years in a home his mother and stepfather owned and occupied. In September 2006, after plaintiff informed defendant in writing that his residence at 732 Mithoff Street was not in compliance with R.C. 2950.031, defendant moved two doors down to 742 Mithoff Street, where he leased a residence also within 1,000 feet of school premises.
 {¶ 5} In December 2006, defendant filed a memorandum contra and cross-motion for summary judgment claiming R.C. 2950.031 violates Section 28, Article II of the Ohio Constitution, which prohibits retroactive laws that affect substantive rights. Defendant argued the statute applied retroactively and impaired his property rights by requiring him to leave the home he lived in for over 20 years prior to both his predicate offense and R.C. 2950.031's enactment.
 {¶ 6} In its January 2007 decision, the trial court concluded the statute, as applied to defendant, is not unconstitutionally retroactive. Specifically, the court found that while defendant's predicate offense occurred before R.C. 2950.031 was enacted, he did not have any vested property rights with respect to either of the two residences at issue. The court concluded defendant thus had no substantive property rights that could be infringed by requiring him to vacate either residence pursuant to R.C. 2950.031. Granting plaintiff's motion for summary judgment and denying defendant's cross-motion for summary judgment, the trial court permanently enjoined defendant from violating the provisions of R.C. 2950.031, expressly prohibited him from residing within 1,000 feet of any school *Page 4 
premises, and ordered him to register any new residence in accordance with law. Upon motion, the court stayed its judgment pending appeal to this court.
 {¶ 7} On appeal, defendant assigns two errors:
 ASSIGNMENT OF ERROR I: THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT.
 ASSIGNMENT OF ERROR II: R.C. 2950.031 IS UNCONSTITUTIONAL BECAUSE IT VIOLATES THE U.S. CONSTITUTIONAL PROVISION AGAINST EX POST FACTO LAWS.
I. First Assignment of Error {¶ 8} Defendant's first assignment of error asserts that because R.C.2950.031 is an unconstitutionally retroactive law, violating Section 28, Article II of the Ohio Constitution, the trial court erred in granting plaintiff summary judgment.
 {¶ 9} Statutes enjoy a strong presumption of constitutionality, and a party seeking to have a statute declared unconstitutional must prove its unconstitutionality beyond a reasonable doubt. In re Brayden James,113 Ohio St.3d 420, 2007-Ohio-2335, at ¶ 13; State v. Anderson (1991),57 Ohio St.3d 168, 171. "When an appellate court is called upon to review a trial court's interpretation and application of a statute, `the appellate court conducts a de novo review, without deference to the trial court's determination.'" McGeehan v. State Bur. of Workers'Comp. (Dec. 28, 2000), Franklin App. No. 00AP-648, citing State v.Sufronko (1995), 105 Ohio App.3d 504, 506. An appellate court's review of summary judgment is likewise conducted under a de novo standard.Coventry Twp. v. *Page 5 Ecker (1995), 101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular,Inc. (1994), 94 Ohio App.3d 579, 588.
 {¶ 10} Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. StateEmp. Relations Bd. (1997), 78 Ohio St.3d 181.
 {¶ 11} Section 28, Article II of the Ohio Constitution prohibits the General Assembly from passing retroactive laws and protects vested rights from new legislative encroachments. Smith v. Smith,109 Ohio St.3d 285, 2006-Ohio-2419, at ¶ 6. "The retroactivity clause nullifies those new laws that `reach back and create new burdens, new duties, new obligations, or new liabilities not existing at the time [the statute becomes effective].'" Bielat v. Bielat (2000), 87 Ohio St.3d 350,352-353, citing Miller v. Hixson (1901), 64 Ohio St. 39, 51. A retroactive law is one that is "`made to affect acts or facts occurring, or rights accruing, before it came into force.'" Bielat, at 353, citing Black's Law Dictionary (6 Ed.1990) 1317.
 {¶ 12} To determine whether a law is unconstitutionally retroactive, a court employs a two-step analysis. First, we determine whether the General Assembly intended the statute to apply retroactively. R.C. 1.48;Smith, supra; State v. Cook (1998), 83 Ohio St.3d 404, 410, citingVan Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, at *Page 6 
paragraph one of the syllabus (applying R.C. 1.48). "Absent a clear pronouncement by the General Assembly that a statute is to be applied retrospectively, a statute may be applied prospectively only." State v.LaSalle, 96 Ohio St.3d 178, 2002-Ohio-4009, at paragraph one of the syllabus.
 {¶ 13} If we determine the statute applies retroactively, we then must determine whether the statute is substantive or merely remedial.Bielat, at 353, citing Cook, at 410-411; Van Fossen, at paragraph three of the syllabus. A statute that applies retroactively and is substantive is unconstitutional. Bielat, at 354, citing Cook, at 411. A statute is substantive if it "impairs vested rights, affects an accrued substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction." Id.
 {¶ 14} "Conversely, remedial laws are those affecting only the remedy provided, and include laws that merely substitute a new or more appropriate remedy for the enforcement of an existing right."Cook, at 411, citing Van Fossen, at 107. "A purely remedial statute does not violate Section 28, Article II of the Ohio Constitution, even if applied retroactively." Id. Further, while the Supreme Court of Ohio recognized "the occasional substantive effect," the court "found that it is generally true that laws that relate to procedures are ordinarily remedial in nature." Id. By contrast, "the word `remedial' has a different meaning in the context of * * * an ex post facto law."State v. Mutter, 171 Ohio App.3d 563, 2007-Ohio-1052, at ¶ 22, appeal allowed, 114 Ohio St.3d 1423, 2007-Ohio-2904. In ex post facto considerations, "`remedial' is used in contradistinction to a punitive statute." Id. See, also, Cook, at 417-418. *Page 7 
 {¶ 15} In employing the applicable principles surrounding permissible retroactivity, the Supreme Court of Ohio held that "where no vested right has been created, `a later enactment will not burden or attach a new disability to a past transaction or consideration in the constitutional sense, unless the past transaction or consideration * * * created at least a reasonable expectation of finality.'" Cook, at 412, quoting State ex rel. Matz v. Brown (1988), 37 Ohio St.3d 279, 281. InMatz, the statute at issue prohibited "those who had been convicted of a felony within ten years from collecting a Victims of Crime Compensation award. Matz was a crime victim who would have been eligible to receive a compensation award but for his prior felony conviction." Cook, supra. Although Matz's felony conviction fell within the ten year period, it occurred before the statute was enacted. The Supreme Court of Ohio "rejected the argument that the statute was retroactive because it attached a new disability to the felony he had committed before the law was enacted." Id. Instead, the court held that "`[e]xcept with regard to constitutional protections against ex post facto laws * * * felons haveno reasonable right to expect that their conduct will never thereafterbe made the subject of legislation. (Emphasis added.)'" Id., quotingMatz, supra at 281-282.
 {¶ 16} Within those parameters, defendant initially asks this court to determine that, in accordance with the statutory presumption in R.C.1.48, R.C. 2950.031 applies prospectively only. In support, defendant notes the statute neither contains express language that it is to be applied retroactively nor specifies any conviction dates for the offenders to whom the statute applies. By contrast, defendant observes, R.C. 2950.09 contains such information in addressing offenders adjudicated to be sexual predators or *Page 8 
habitual sex offenders. Arguing that R.C. 2950.031 is prospective only, defendant contends it applies only to offenders who committed sexually oriented offenses after, not before, July 31, 2003, the statute's effective date. Consequently, defendant asserts, the statute does not apply to him because his underlying criminal conduct occurred well before the statute went into effect.
 {¶ 17} R.C. 2950.031, as effective July 31, 2003, provided that "[n]o person who has been convicted of, is convicted of, has pleaded guiltyto, or pleads guilty to either a sexually oriented offense that is not a registration exempt sexually oriented offense or a child-victim oriented offense shall establish a residence or occupy residential premises within one thousand feet of any school premises." (Emphasis added.) R.C.2950.031(A). The emphasized language in R.C. 2950.031 reflects a legislative intent that the statute is to apply to all sex offenders who are subject to R.C. 2950.04's registration requirements, regardless of whether they committed their sexually oriented offense before or after R.C. 2950.031's effective date, July 31, 2003. See Hyle v. Porter,170 Ohio App.3d 710, 2006-Ohio-5454, at ¶ 23, appeal allowed,112 Ohio St.3d 1487, 2007-Ohio-724 (determining the threshold requirement for the rule's retroactive application is the registration requirements imposed by R.C. 2950.04 for sexually oriented offenders convicted on and after July 1, 1997); Nasal v. Dover, 169 Ohio App.3d 262, 2006-Ohio-5584, at ¶ 20, appeal allowed, 112 Ohio St.3d 1490, 2007-Ohio-724; Lyndhurst v.Rapoport, Cuyahoga App. No. 89270, 2007-Ohio-3406, at ¶ 21;Mutter, supra. See, also, State v. Cupp, Montgomery App. No. 21176,2006-Ohio-1808. *Page 9 
 {¶ 18} We further note the statute expressly applies to defendant as a result of his move to 742 Mithoff Street in September 2006. R.C.2950.031 was enacted through 2003 S.B. 5, Section 8 that specifically states the statute applies to "rental agreements entered into on or after" July 31, 2003. Because defendant began renting his residence at 742 Mithoff Street well after that date and after he was put on notice of the statute's residency restrictions, the statute applies to him and his current residence at 742 Mithoff Street.
 {¶ 19} Having made the threshold determination that R.C. 2950.031
applies retroactively, we also must determine whether the statute affects a substantive right or whether it is merely remedial. In so doing, we address the facts as they existed at the time of the trial court's decision. Specifically, subsequent to the date R.C. 2950.031
became effective, defendant moved into rental property within 1,000 feet of a school. Accordingly, we must determine whether R.C. 2950.01, as applied to defendant on those facts, is substantive or remedial.
 {¶ 20} In R.C. Chapter 2950, the General Assembly declared that its purpose in requiring sex offenders to register and in requiring dissemination of sexual offender information to the community is "to protect the safety and general welfare of the people of this state." R.C. 2950.02(B). The Supreme Court of Ohio deemed such objective to be remedial in nature. Cook, at 413-414. See, also, Matz, supra. The General Assembly similarly declared in R.C. 2950.02(A)(2) that sex offenders "pose a risk of engaging in further sexually abusive behavior even after being released from imprisonment, a prison term, or other confinement or detention, and protection of members of the public fromsex offenders * * * is a paramount governmental interest." (Emphasis added.) Because the *Page 10 
"paramount government interest" in protecting the public from sex offenders expressed in R.C. 2950.02(A)(2) is akin to the purpose set forth in R.C. 2950.02(B), it, too, is remedial, rendering the requirements of R.C. 2950.031, as applied to this defendant, "procedural requirements that are necessary to achieve the goals of R.C. Chapter 2950." Cook, at 412.
 {¶ 21} Unlike the defendant in Mutter or Nasal, defendant presented no evidence he had any property rights in the house at 742 Mithoff at the time the statute became effective. Defendant thus had no vested right that the statute impaired: he rented the property after the statute became effective when he was on notice of the statutory prohibition against his living within 1,000 feet of a school. As applied to defendant, the statute simply addresses where he may choose to live; it does not expel him from a residence he owned, occupied, or used at the time the statute was enacted. Cf. Nasal, supra, and Mutter, supra. As a result, like the notification procedures addressed in Cook and the prohibition against collecting from the Victim's Crime Fund inMatz, the statute's rule prohibiting defendant from choosing to reside within 1,000 feet of a school premises is remedial in nature, designed to achieve the statutory objective; it is not unconstitutional as impairing a substantive right in this case. See Hyle, at ¶ 24. Accordingly, R.C. 2950.031 is not unconstitutionally retroactive as applied to defendant. Defendant's first assignment of error is overruled.
II. Second Assignment of Error {¶ 22} In his second assignment of error, defendant asserts R.C.2950.031 is unconstitutional either as a criminal statute that imposes criminal punishment or as a civil *Page 11 
statute that is punitive in effect. With that premise, defendant contends the statute violates the Ex Post Facto Clause as applied to him, who committed his sexually oriented offense before the statute was enacted in 2003.
 {¶ 23} We need not address this issue. Although in his answer to plaintiff's complaint defendant asserted as a defense that R.C. 2950.031
"violates the Ex Post Facto clause of the U.S. Constitution," he did not argue the issue in moving for summary judgment in the trial court, and the issue was not decided at the trial level. Accordingly, we decline to determine it in the first instance. Defendant's second assignment of error thus is premature.
 {¶ 24} Having determined defendant's second assignment of error to be premature, and having overruled his first assignment of error, we affirm the trial court's judgment enjoining defendant from residing within 1,000 feet of any school premises as prohibited by R.C. 2950.031.
Judgment affirmed.
FRENCH and BRYANT, JJ., concur.
BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1