OPINION *Page 2 
{¶ 1} Defendants-appellants Virgil E. Larson, Jr., Jerry L. Groves, Darren L. Coey, and William E. Rudd appeal the July 16, 2007 Judgment Entry entered by the Fairfield County Court of Common Pleas, which granted summary judgment in favor of plaintiff-appellee Terre L. Vandervoot, City of Lancaster Law Director and City Prosecutor, finding R.C. 2950.031 could be applied retroactively to Appellants.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On July 11, 2006, Appellee filed four complaints against Appellants, individually, seeking preliminary and permanent injunctions pursuant to R.C. 2950.031, enacted on July 31, 2003. In the complaints, Appellee alleged each Appellant had been convicted of a sexually oriented offense and was in violation of R.C. 2950.031 by residing at a home within 1000 feet of a school. Appellants filed timely answers to the complaints. The trial court subsequently consolidated all four cases by Agreed Order and Entry Granting Motion to Consolidate Action filed November 13, 2006. On May 10, 2007, Appellee filed a Motion for Summary Judgment, arguing there were no genuine issues of material fact which remain to be litigated and it was entitled to judgment as a matter of law. After the parties briefed the issues raised by Appellee's motion, the trial court granted summary judgment in favor of Appellee on July 16, 2007. The trial court stayed execution of its judgment entry pending this appeal.
 Darren L. Coey {¶ 3} On or about March 1, 1994, Appellant Coey was convicted of gross sexual imposition, in violation of R.C. 2907.05. The trial court sentenced Appellant Coey to a determinate term of imprisonment of 18 months, but suspended the sentence and *Page 3 
placed him on probation for a period of four years. As a violation of R.C. 2907.05 is a sexually oriented offense, Appellant Coey was subject to the registration requirements set forth in R.C. Chapter 2950.
 {¶ 4} In December, 2004, Appellant Coey, his fiancé, and two children moved to 88 East Mulberry Street, in Lancaster, Ohio. Appellant Coey and fiancé rent the premises. The residence at 88 East Mulberry Street is located within 1000 feet of the premises of a school.
 {¶ 5} On or about May 8, 2006, Appellee sent Appellant Coey a correspondence via certified mail, advising Appellant he was in direct violation of R.C. 2950.031(A) and requesting he move away from the residential premises he occupied at East Mulberry Street. After Appellant Coey failed to abide by Appellee's request, Appellee initiated the instant action.
 Jerry Lee Groves {¶ 6} On May 17, 1999, Appellant Groves was convicted of one count of rape, in violation of R.C. 2907.02(A)(1)(b). The trial court sentenced Appellant Groves to a term of imprisonment of four years. As a violation of R.C.2907.02(A)(1)(b) is a sexually oriented offense, Appellant Groves must register as required by R.C. Chapter 2950.
 {¶ 7} Appellant Groves resides at 113 South Eastwood Avenue in Lancaster, Ohio with his wife. Groves and his wife purchased the home in 1964.
 {¶ 8} Via certified letter dated May 8, 2006, Appellee notified Appellant Groves he was in direct violation of R.C. 2950.031(A) as he lived within 1000 feet of the premises of a school. Appellee requested Appellant Groves move from his Southeast *Page 4 
Avenue residence. After Appellant Groves refused to abide by Appellee's request, Appellee commenced the instant action.
 Virgil E. Larson, Jr. {¶ 9} On April 14, 2003, Appellant Larson was convicted of two counts of attempted gross sexual imposition, in violation of R.C. 2907.05, felonies of the fourth degree. The trial court sentenced Appellant Larson to a period of imprisonment of ten months on each count, and ordered the sentences be served consecutively. As a violation of 2907.05 is a sexually oriented offense, Appellant Larson is subject to the registration requirements of R.C. Chapter 2950.
 {¶ 10} Appellant Larson resides at 225 South Cedar Avenue in Lancaster, Ohio, in the home of his mother. Appellant Larson has lived at the residence for the past 18 years. He works at a local fast food restaurant, earning $7.00/hour. He works anywhere from 20 — 40 hours per week. Because of the irregularity of his work schedule; his income is inconsistent; therefore, Appellant Larson contributes to rent and expenses when he is able to do so.
 {¶ 11} Via certified letter dated May 8, 2006, Appellee notified Appellant Larson he was in direct violation of R.C. 2950.031(A) and requested he move from the South Cedar Avenue residence as such was located within 1000 feet of the premises of a school. After Appellant Larson failed to abide by Appellee's request, Appellee commenced the instant action.
 William Edgar Rudd {¶ 12} On April 22, 1994, Appellant Rudd was convicted of four counts of gross sexual imposition, in violation of R.C. 2907.05, felonies of the third degree. The trial *Page 5 
court sentenced Appellant Rudd to an aggregate term of imprisonment of five years, but suspended the sentence and placed Appellant Rudd on probation for a period of five years.
 {¶ 13} In 1999, Appellant Rudd and his wife moved to 410 O'Gara Avenue in Lancaster, Ohio. The property is owned by Rudd's father-in-law, and he permits Rudd and his wife to live in the residence, rent free. Via certified mail dated May 8, 2006, Appellee notified Rudd he was in violation of R.C. 2950.031, and advised Rudd he would be subject to eviction proceedings if he did not vacate the residence by June 8, 2006. Appellee subsequently commenced the instant action.
 {¶ 14} Appellants Coey, Groves, Larson, and Rudd appeal the trial court's decision awarding summary judgment in favor of Appellee. Appellants raise the following assignments of error:
 {¶ 15} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEES BECAUSE THERE WERE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE ABOUT THE EQUITIES AND BECAUSE THE COURT WAS REQUIRED TO CONSIDER AND BALANCE THOSE FACTS BEFORE GRANTING INJUNCTIVE RELIEF AGAINST APPELLANTS.
 {¶ 16} "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST APPELLANT RUDD BECAUSE THERE WERE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE ABOUT WHETHER HE LIVED WITHIN 1000 FEET OF TWO SCHOOLS.
 {¶ 17} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT AGAINST APPELLANTS GROVES, RUDD AND LARSON *Page 6 
AND THEREBY CONCLUDING THAT THEY COULD BE FORCED TO MOVE WITHOUT VIOLATING THE RETROACTIVITY CLAUSE OF THE OHIO CONSTITUTION.
 {¶ 18} "IV. NOTWITHSTANDING THIS COURT'S DECISION IN STATE EX REL. YOST V. SLACK, THE TRIAL COURT ERRED IN RULING THAT R.C. 2950.031 DOES NOT VIOLATE THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION AS APPLIED TO SEX OFFENDERS WHO COMMITTED THEIR OFFENSES BEFORE JULY 31, 2003."
 IV {¶ 19} Because our disposition of Appellants' fourth assignment of error resolves the issues before this Court, we shall address said assignment of error first. In their fourth assignment of error, Appellants contend the trial court erred in concluding R.C. 2950.031
does not violate the Ex Post Facto Clause of the United States Constitution as applied to sex offenders who committed offenses before July 31, 2003.
 {¶ 20} On February 20, 2008, the Ohio Supreme Court issued its opinion in Hyle v. Porter, 117 Ohio St.3d 165, 2008-Ohio-542. Therein, the Ohio Supreme Court, certifying a conflict between the First and Second Appellate Districts, addressed the issue of "Whether R.C. 2950.031-Ohio's residency-restriction statute prohibiting certain sexually oriented offenders from living within 1,000 feet of a school-can be applied to an offender who had bought his home and committed his offense before July 31, 2003 (the effective date of the statute)." The Hyle Court answered the question in the negative, and reversed the First District Court of Appeals, holding "R.C. 2950.031
does not apply *Page 7 
to an offender who bought his home and committed his offense before the effective date of the statute." Id. at syllabus.
 {¶ 21} In Hyle, Appellant Gerry R. Porter Jr. was convicted of sexual imposition in 1995, and sexual battery in 1999. The Hamilton County Court of Common Pleas entered an order determining Porter was a sexually oriented offender. Porter subsequently registered as statutorily mandated. Id. at para. 3. In 2003, following the enactment of former R.C. 2950.031, Francis M. Hyle, the chief legal officer of Green Township in Hamilton County, Ohio, initiated an action against Porter. Id. at para. 5. Hyle alleged, because Porter had been convicted of a sexually oriented offense which was not registration-exempt, and his residence was located within 1,000 feet of the premises of a school, he was in violation of R.C. 2950.031. Id. Hyle sought a permanent injunction to enjoin Porter from continuing to occupy his residence. Porter and his wife had co-owned and lived in the house since 1991. Id.
 {¶ 22} The Hamilton County Court of Common Pleas granted the injunction, permanently enjoining Porter from occupying his home. Id. at para. 6. The First District Court of Appeals affirmed the trial court's decision, holding R.C. 2950.031 could be applied to an offender who bought his home and committed his offense before the effective date of the statute. Hyle v. Porter, 170 Ohio App.3d 710, 2006-Ohio-5454, 868 N.E.2d 1047. Upon motion for reconsideration, and in response to the decision of the Second District Court of Appeals in Nasal v. Dover,169 Ohio App.3d 262, 2006-Ohio-5584, the First District sua sponte certified a conflict to the Ohio Supreme Court.
 {¶ 23} In resolving the conflict, the Ohio Supreme Court began its analysis noting it was "once again required to apply two provisions of Ohio law that limit the retroactive *Page 8 
application of statutes. The first is the rule of statutory construction, adopted in R.C. 1.48: `A statute is presumed to be prospective in its operation unless expressly made retrospective.' * * * The second is a rule of constitutional limitation, imposed in Section 28, Article II of the Ohio Constitution: The general assembly shall have no power to pass retroactive laws * * *.' * * * A retroactive statute is unconstitutional if it retroactively impairs vested substantive rights, but not if it is merely remedial in nature." Id. at para. 7. (Citations omitted).
 {¶ 24} The Hyle Court reviewed the text of R.C. 2950.031, and found "neither the description of convicted sex offenders nor the description of prohibited acts includes a clear declaration of retroactivity." Id. at para. 13. The Supreme Court acknowledged "the language of R.C. 2950.031 is ambiguous regarding its prospective or retroactive application", but emphasized "ambiguous language is not sufficient to overcome the presumption of prospective application. "The language in R.C. 2950.031 presents at best a suggestion of retroactivity, which is not sufficient to establish that a statute applies retroactively." Id. (Emphasis in original).
 {¶ 25} Based upon its conclusion R.C. 2950.031 was not expressly made retroactive, the Hyle Court found it was precluded "from addressing the constitutional prohibition against retroactivity. * * * [and held] that because R.C. 2950.031 was not expressly made retroactive, it does not apply to an offender who bought his home and committed his offense before the effective date of the statute." Id. at para. 24 (Citation omitted).
 {¶ 26} The holding in Hyle is expressly limited to situations in which the offender not only committed his offense before the effective date of the statute, but also *Page 9 
purchased his home before the effective date of the statute. Based upon the holding, only Appellant Groves would not be subject to the restriction set forth in R.C. 2950.031, as he committed the offense in 1999, and he and his wife purchased their home in 1964. Appellants Coey, Larson, and Rudd do not own their homes, however, all three committed their respective offenses before the effective date of the statute.
 {¶ 27} On April 9, 2008, the Ohio Supreme Court issued decisions in four cases, which addressed the issue of whether R.C. 2950.031 could be applied retroactively. See Franklin Cty. Pros. Atty. v. Walker, Ohio St. 3d, 2008-Ohio-1589; State ex. Rel. White v. Billings, Ohio St.3d,2008-Ohio-1590; State v. Mutter, Ohio St.3d, 2008-Ohio-1591; andNasal v. Dover, Ohio St.3d, 2008-Ohio-1592. The Supreme Court disposed of the four cases without opinion on the authority of Hyle v.Porter, supra. Two of these cases involved factual scenarios different from the one addressed in Hyle, specifically, Walker, supra, andBillings, supra.
 Franklin Cty. Pros. Atty. v. Walker {¶ 28} Appellant James Walker was indicted on June 4, 2003, on one count of gross sexual imposition. Franklin Cty. Pros. Atty. v.Walker, Franklin App. No. 07AP-165, 2007-Ohio-5095, at para. 2. According to the Indictment, Walker committed the offense between January, 1999, and January, 2001. Walker entered a guilty plea to the charge and was sentenced in December, 2004. Id. The trial court adjudicated him a sexual predator, and, as such, he was subject to the registration requirements set forth in R.C. 2950.04. Id.
 {¶ 29} At the time of his conviction and sentencing, Walker resided in a home owned and occupied by his mother and step-father, and where he had lived for over 20 *Page 10 
years. Id. at para. 4. Walker received a Notice of Noncompliance with R.C. 2950.031 in September, 2006, as the home was located within 1,000 feet of school premises. After receiving the notice, Walker leased a residence, two doors down. However, that residence was also within 1,000 feet of school premises. Id.
 {¶ 30} In January, 2006, the Franklin County Prosecutor filed a complaint against Walker, seeking to enjoin him from residing within 1,000 feet of school premises. Id. The trial court granted summary judgment in favor of the prosecutor, and permanently enjoined Walker from residing within 1,000 feet of any school premises, and ordered him to register any new residence in accordance with law. Id. at para. 6. Walker appealed to the Tenth District Court of Appeals, which affirmed the trial court's decision. After accepting review, the Ohio Supreme Court reversed the judgment of the Court of Appeals on the authority ofHyle v. Porter, supra.
 State ex. Rel. White v. Billings {¶ 31} On July 22, 1991, appellant Garland Billings was convicted of the rape of an adult woman. State ex. rel. White v. Billings, Clermont App. No. CA2006-09-072, 2007-Ohio-4356, at para. 2. Billings completed his sentence and parole for the offense. Id. However, as a result of his conviction, Billings was classified as a sexually-oriented offender and required to register under the mandatory requirements of such classification. Id. In April 2005, Billings moved to a home owned by his wife. Id. This residence was located within 1,000 feet of an elementary school. Id.
 {¶ 32} In June, 2005, the Clermont County Sheriff's Office sent a letter to Billings, informing him he had to vacate his residence because he was in violation of the law as a registered sex offender living within 1,000 feet of a school. Id. at para. 3. On *Page 11 
September 14, 2005, after BIllings failed to move within the 60-day deadline, the State of Ohio filed a complaint against him and his wife, seeking to enjoin Billings from residing at the residence. The complaint also sought an injunction preventing Billings' wife from allowing him to inhabit the residence. Id.
 {¶ 33} On September 7, 2006, the trial court issued a judgment entry permanently enjoining Billings from residing at the residence or at any premises located within 1,000 feet of a school. Billlings timely appealed to the Twelfth District Court of Appeals, which affirmed the trial court's decision. Billings appealed to the Ohio Supreme Court, which allowed the appeal. The Supreme Court reversed the judgment of the Court of Appeals on the authority of Hyle, supra.
 Conclusion {¶ 34} The offenders in Walker, supra, and Billings, supra, neither purchased nor owned their residences before the effective date of R.C. 2950.031. Nonetheless, the Ohio Supreme Court still found the statute could not be applied retroactively to these offenders as they committed their offenses prior to the effective date of the statute. As the Second District Court of Appeals in Nasal v. Dover, 169 Ohio App.3d 262,2006-Ohio-5584, aptly noted: "it is not merely the technical ownership of property that enjoys fundamental constitutional protection, but the right of the use and enjoyment of property, which is part of the bundle of ownership rights. In our view, this would clearly include the right to reside in residential property." Thus, we find R.C. 2950.031 cannot be retroactively applied to Appellants herein.
 {¶ 35} Appellants' fourth assignment of error is sustained. *Page 12 
 I, II, III {¶ 36} In light of our disposition of Appellants' fourth assignment of error, Appellants' remaining assignments of error are moot.
 {¶ 37} The judgment of the Fairfield County Court of Common Pleas is reversed.
 Hoffman, P.J., Farmer, J. and Edwards, J. concur. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas is reversed. Costs assessed to Appellee. *Page 1