[Cite as *State v. Benedetta*, 2013-Ohio-4364.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 12 BE 20 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| RAY BENEDETTA | ) | |
| | ) | |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from the Court of Common Pleas of Belmont County, Ohio Case No. 12 CV 49

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiff-Appellant: Atty. Christopher Berhalter
Belmont County Prosecutor
147-A West Main Street
St. Clairsville, Ohio 43950

For Defendant-Appellee: Atty. J. Kevin Flanagan
Gold, Khoury & Turak
510 Tomlinson Avenue
Moundsville, WV 26041

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: September 26, 2013

WAITE, J.

{¶1} Appellant, the State of Ohio, appeals the decision of the Belmont County Court of Common Pleas denying a motion to permanently enjoin Appellee Ray Benedetta from living at his residence at 3863 Lincoln Avenue, Shadyside, Ohio. The request for injunction was based on the fact that Appellee had been classified as a sexually oriented offender in 2001, and because the residence was within 1,000 feet of a school. Former R.C. 2950.031 prohibited a sexually oriented offender from establishing a residence within 1,000 feet of any school. R.C. 2950.031 was amended and recodified as R.C. 2950.034 as part of 2007 S.B. 10, effective July 1, 2007.

{¶2} The trial court denied the state's motion for injunction because: (1) Appellee was convicted prior to the enactment of R.C. 2950.034; (2) Appellee was also convicted prior to the enactment of the original 1,000-foot rule in former R.C. 2950.031; (3) the Ohio Supreme Court ruled that former R.C. 2950.031 was not intended to be retroactive in operation; and (4) because Appellee acquired a vested interest in the Lincoln Avenue property long before the enactment of either statute. The trial court relied primarily on *Hyle v. Porter*, 117 Ohio St.3d 165, 2008-Ohio-542, 882 N.E.2d 899, syllabus, which held that: "Because R.C. 2950.031 was not expressly made retrospective, it does not apply to an offender who bought his home and committed his offense before the effective date of the statute."

{¶3} Appellant contends that the *Hyle* holding only applies to offenders who were actually living in a residence prior to the effective date of R.C. 2950.031. Appellant further argues that this Court ruled in *State v. Byers*, 7th Dist. No. 07 CO

39, 2008-Ohio-5051 that a defendant must actually live in the residence in question prior to the enactment of R.C. 2950.031 for the holding in *Hyle* to apply.

**{¶4}** Appellant's attempt to enforce R.C. 2950.034, and his reliance on *Hyle* and *Byers*, are not persuasive for a number of reasons. First, R.C. 2950.034 was held to be unconstitutionally retroactive as applied to offenders like Appellee who committed their crimes before the enactment of the statute. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. As our opinion in *Byers* was premised on the constitutional validity of R.C. 2950.034, *Byers* is clearly no longer binding. Also, *Hyle* held that former R.C. 2950.031 could not be applied to offenders who committed their crimes and bought their home prior to the effective date of R.C. 2950.031, and was silent about whether the offender was required to actually reside on the property prior to the enactment of the statute. Finally, Ohio's appellate courts are in agreement that the 1,000-foot prohibition created in 2003 by R.C. 2950.031 cannot be applied to a defendant who committed his offense prior to the effective date of the statute, regardless of the time that defendant may have acquired his property interest or began living in the residence. Even though Appellee has not filed a brief in this appeal, we decline to accept Appellant's argument, and the well-reasoned judgment of the trial court is affirmed.

## History of the Case

**{¶5}** There is no dispute as to the determinative facts of this case. On July 17, 2000, Appellee acquired a vested remainder interest in 3863 Lincoln Avenue, Shadyside, Ohio. The grantor, Mr. William Brinker, retained a life estate in the

property. The quitclaim deed was properly recorded in Belmont County. Mr. Brinker died on October 19, 2006, terminating his life estate and giving Appellee fee simple ownership of the property.

**{¶6}** In December of 2000, approximately five months after obtaining his initial property interest, Appellee was indicted on eight counts of compelling prostitution. On April 13, 2001, Appellee pleaded guilty to one count of attempting to compel prostitution, a violation of R.C. 2907.21(A)(4). On June 7, 2001, he was sentenced to nine months of incarceration. At the time of sentencing, he was adjudicated as a sexually oriented offender. His residence at the time was located at 3193 Hamilton Street, Bellaire, Ohio. He was required to register annually as a sexual offender for ten years with the Belmont County Sheriff's Office. On January 1, 2012, his reporting requirements concluded.

**{¶7}** On January 3, 2012, Appellee began residing at 3863 Lincoln Avenue. The property is within 1,000 feet of Shadyside High School. On January 26, 2012, the Belmont County Prosecutor filed a motion for permanent injunction to bar Appellee from this address on the grounds that R.C. 2950.034 prohibited him from residing within 1,000 feet from a school. The trial court overruled the motion on May 14, 2012. This appeal followed. Appellee has not filed a brief. App.R. 18(C) states: "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's

statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

<u>ASSIGNMENT OF ERROR</u>

The Trial Court erred when it found that §2950.034 did not apply to the Appellee and denied the State's request for a permanent injunction.

**{¶8}** Appellant argues that Appellee is not permitted to reside within 1,000 feet of a school due to the prohibition found in R.C. 2950.034, and its predecessor statute, R.C. 2950.031. Appellant is aware that Appellee committed his crimes long before the enactment of either R.C. 2950.034 or former R.C. 2950.031. Appellant is also aware that the Ohio Supreme Court, in *Hyle v. Porter*, held that former R.C. 2950.031 was not a retroactive statute and could not be applied to an offender who "bought his home and committed his offense before the effective date of the statute." *Hyle* at syllabus. Appellant argues that this Court, in *State v. Byers*, held that R.C. 2950.034 is enforceable and may be applied to a defendant who committed his crime before the effective date of the statute if he established a residence near a school after the effective date of the statute. Appellant argues that R.C. 2950.034 should be applied in the same manner, here, as in *Byers*. Appellant contends that, under *Byers,* Appellee needed to prove both that his crime was committed before the statute took effect *and* that he was actually residing in the premises before the effective date of the statute. Before dealing with the *Byers* issues, some background information is necessary.

{¶9} The question raised in this appeal is whether the statute prohibiting sexual offenders from residing within 1,000 feet of a school applies to Appellee. Appellant filed for an injunction pursuant to the authority of R.C. 2950.034, which became effective under 2007 S.B. 10 on July 1, 2007. In 2007 S.B. 10, former R.C. 2950.031 was amended and recodified as R.C. 2950.034. Former R.C. 2950.031(A) provided as follows: " 'No person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to either a sexually oriented offense that is not a registration-exempt sexually oriented offense or a child-victim oriented offense shall establish a residence or occupy residential premises within one thousand feet of any school premises.' 150 Ohio Laws, Part IV, 6657." *Hyle* at ¶4. The only significant difference between former R.C. 2950.031 and the subsequent amended and renumbered version in R.C. 2950.034 is that R.C. 2950.034 added language prohibiting an offender from residing within 1,000 feet of a preschool or child day-care center.

{¶10} The enforcement mechanism allowing a prosecutor to request an injunction to prohibit a sexual offender from living near a school was created by 2004 Am.Sub.H.B. 473, effective April 29, 2005. Prior to that date, only an owner of property located within 1,000 feet of a school could seek an injunction.

{¶11} On July 13, 2011, the Ohio Supreme Court in *Williams* declared R.C. 2950.034 and the rest of 2007 S.B. 10 unconstitutional: "We conclude that S.B. 10, as applied to Williams and any other sex offender who committed an offense prior to the enactment of S.B. 10, violates Section 28, Article II of the Ohio Constitution,

which prohibits the General Assembly from enacting retroactive laws." *Williams*, *supra*, at ¶22. Since Appellee committed his crime prior to 2007 S.B. 10, pursuant to *Williams*, he is not subject to the requirements of R.C. 2950.034. Nevertheless, there remains a question whether he would have been subject to the former law found in R.C. 2950.031, which became effective in 2003.

{¶12} As mentioned earlier, in 2008, the Ohio Supreme Court in *Hyle* held that former R.C. 2950.031 was "not expressly made retrospective, and for that reason, did not apply to an offender who bought his home and committed his offense before the effective date of the statute." *Hyle* at syllabus. *Hyle* did not specifically determine how residency affects the application of former R.C. 2950.031 because the only question before the Court was whether the statute could be applied to an offender who committed his crime and bought his home before the effective date of R.C. 2950.031. *Id.* at ¶1.

{¶13} Our *Byers* case was decided after *Hyle* but before *Williams*. Appellant contends that *Byers* properly interpreted *Hyle* and should be consistently applied to similar cases dealing with R.C. 2950.034. We must note that the facts of *Byers* are not consistent with the facts of the instant case. In *Byers*, the defendant committed his crime in May of 2007. It is not clear from the case the date on which he acquired his interest in the residence that was located within 1,000 feet of a school. The relevant statute in *Byers* was R.C. 2950.034, which became effective on July 1, 2007. Thus, we know that in *Byers* that the offender committed the crime after R.C. 2950.031 was enacted, but before R.C. 2950.034 became effective, but it was

unclear whether he lived in the residence before R.C. 2950.034 became effective. Since the offender committed his crime after R.C. 2950.031 became effective in 2003, there is no question that he was subject to the 1,000-foot rule when he committed his crime. In the instant case, however, we are clearly aware that Appellee committed the crime long before either R.C. 2950.031 or R.C. 2950.034 took effect, and also that he acquired his vested property interest before either statute took effect. Thus, unlike *Byers*, there was no 1,000-foot prohibition in effect in any form either when Appellee committed his crime or when he acquired his initial interest in the property, and the record reflects the exact date on which he acquired his interest in the property.

{¶14} Even if none of the foregoing was true, the second important aspect of *Byers* that needs to be addressed is that it has been effectively overruled by the Ohio Supreme Court in *Williams*. The entire *Byers* opinion is premised on the notion that 2007 S.B. 10 (which includes the repeal of R.C. 2950.031 and its recodification and amendment in R.C. 2950.034) was meant to be retroactive and that the retroactivity was constitutional. 2007 S.B. 10 had been challenged a number of times on the grounds that it was unconstitutionally retroactive, but no definitive ruling on the matter had been decided at the time *Byers* was released.

{¶15} Section 28, Article II of the Ohio Constitution states that "[t]he general assembly shall have no power to pass retroactive laws." The Ohio Supreme Court uses a two-step analysis to determine whether a statute violates Section 28, Article II. The first step is one of statutory construction to determine whether the legislature

intended the statute to apply retroactively. Pursuant to R.C. 1.48, a statute is presumed to be prospective in its operation unless expressly made retrospective. *See Van Fossen v. Babcock Wilcox Co.*, 36 Ohio St.3d 100, 105, 522 N.E.2d 489 (1988). If the statute does not pass the first step in the analysis due to a failure to clearly enunciate the intent for the statute to apply retroactively, there is no need to address the second part of the analysis. *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶10.

{¶16} The second step interprets and applies the constitutional limitation in Section 28, Article II. A statute is unconstitutional if it retroactively impairs vested substantive rights, but not if it is merely remedial in nature. *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶9. A statute that is found to be primarily punitive also cannot be applied retroactively. *Ferguson* at ¶39; *Williams* at ¶21.

{¶17} *Williams* determined that R.C. 2950.034 was intended to apply retroactively under R.C. 1.48, but went on to hold that: "2007 Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Id.* at syllabus. *Byers*, instead of declaring 2007 S.B. 10 (and R.C. 2950.034 along with it) to be unconstitutional, held that 2007 S.B. 10 was intended to be retroactive but was not unconstitutionally retroactive because its provisions were civil and remedial rather than criminal and punitive in nature. *Id.* at ¶69. This is no longer a valid interpretation of 2007 S.B. 10 after *Williams*. Because

*Byers* relies on the mistaken premise that all of 2007 S.B. 10 (including R.C. 2950.034) is constitutionally retroactive, the legal reasoning used in *Byers* regarding R.C. 2950.034 cannot continue to be cited as binding precedent.

**{¶18}** Although there is no Appellee's brief in this case, we cannot simply ignore the fact that *Hyle*, which is the most relevant precedent cited by Appellant, has regularly been applied to prevent the enforcement of the 1,000-foot rule in situations almost identical to the facts of this case. For example, in *State ex rel. White v. Billings*, 12th Dist. No. CA2006-09-072, 2007-Ohio-4356, the defendant was convicted of rape in 1991, and moved to a residence within 1,000 feet of a school in 2005 (two years after R.C. 2950.031 became effective). A complaint for injunctive relief was filed soon after. The injunction was granted by the trial court, and was upheld by the Twelfth District Court of Appeals. The appellate court tried to distinguish the facts of *Billings* from those in *Hyle* by stating that there was no precedent for applying *Hyle* to a situation where a defendant "was convicted of a sexually-oriented offense that is not a registration-exempt sexually-oriented offense *prior to* the effective date of the statute *and* moved in to a residence within 1,000 feet of a school premises *after* the statute became effective." (Emphasis sic.) *Id.* at ¶35. *Billings* was soon summarily reversed by the Ohio Supreme Court on the basis of *Hyle*. *State ex rel. White v. Billings*, 117 Ohio St.3d 536, 2008-Ohio-1590, 885 N.E.2d 241.

**{¶19}** Similarly, in *Franklin Cty. Prosecuting Atty. v. Walker*, 10th Dist. No. 07AP-165, 2007-Ohio-5095, the defendant committed the crime of gross sexual

imposition sometime between 1999 and 2001, was indicted in June of 2003 (prior to the enactment of R.C. 2950.031), pleaded guilty in December, 2004 (after the effective date of R.C. 2950.031), and moved to a location within 1,000 feet of a school in 2006. This case is somewhat more complicated than *Billings*, because the defendant had been living near a school for 20 years prior to the injunction being filed. Due to the pending injunction, he moved two doors away in 2006. His new residence was also within 1,000 feet of a school. The trial court held that the defendant had no vested property rights in either residence and issued the injunction. The Tenth District Court of Appeals affirmed as to both residences. Once again, the Ohio Supreme Court summarily reversed on the basis of *Hyle*. *Franklin Cty. Pros. Atty. v. Walker*, 117 Ohio St.3d 537, 2008-Ohio-1589, 885 N.E.2d 241.

**{¶20}** The Tenth District Court of Appeals, mindful of the reversal in *Walker*, applied *Hyle* and affirmed the trial court decision not to grant an injunction against a defendant who committed his crime prior to the effective date of R.C. 2950.031, and who had established a residence within 1,000 feet of a school after the enactment of R.C. 2950.031. *O'Brien v. Whalen*, 10th Dist. No. 08AP-918, 2009-Ohio-1807.

**{¶21}** Similar cases can be found from other districts as well. *See, e.g., Watkins v. Stevey,* 11th Dist. No. 2009–T–0022, 2009-Ohio-6854; *Vandervoot v. Larson*, 5th Dist. No. 07 CA 46, 2008-Ohio-2913; *Toledo v. Rost*, 6th Dist. No. L-08-1202, 2010-Ohio-1890; *State v. Ware*, 2008-Ohio-2788. All of these cases involve defendants who committed their crimes prior to the effective date of R.C. 2950.031, and moved into residences within 1,000 feet of a school after the effective date of the

statute. The Fifth, Sixth, Tenth and Eleventh Districts "have subsequently interpreted the Ohio Supreme Court's decision in *Hyle*, and the summary disposition judgments under authority of *Hyle*, as precluding retroactive application of R.C. 2950.031 against convicted sex offenders who committed their sex offenses before the statute's effective date, even where the offender holds no property interest in his residence." *Toledo v. Rost* at ¶30.

{¶22} Appellant's argument is that Appellee did not actually move into the house at 3863 Lincoln Avenue until 2012, and that all the other facts of this case should be subordinate to that fact. Based on the cases cited above, the date that Appellee started living in the residence is not the determining factor in whether to retroactively apply R.C. 2950.031 or 2950.034. In this appeal, the state sought an injunction pursuant to R.C. 2950.034, which became effective in 2007. We are mindful that R.C. 2950.034 was declared unconstitutional in *Williams*. We also know that Appellee was convicted long before the predecessor statute, former R.C. 2950.031, took effect. Based on these facts alone, R.C. 2950.031 cannot be applied to him. Given the additional information that Appellee had a vested interest in the property before R.C. 2950.031 became effective, that Appellee acquired full fee simple ownership of the property before R.C. 2950.034 became effective, and that *Hyle* prevented the retroactive application of R.C. 2950.031 to offenders who committed their crimes and had a property interest prior to the effective date of the statute, we can only conclude this matter must be resolved in Appellee's favor. Finally, as earlier discussed, our *Byers* opinion is no longer binding precedent and is

not factually consistent with the facts of this case. Thus, both the facts and the legal precedent cited by Appellant lead to the determination that the trial court was correct in refusing to grant an injunction prohibiting Appellee from living at 3863 Lincoln Avenue. Appellant's sole assignment of error is hereby overruled.

## Conclusion

**{¶23}** Appellant argues that application of R.C. 2950.034 or R.C. 2950.031 prohibit Appellee from living at his residence, which is located within 1,000 feet of a school. Based on the Ohio Supreme Court's decision in *Hyle*, it is apparent that neither R.C. 2950.034 nor R.C. 2950.031 applies to Appellee. R.C. 2950.034 (as part of 2007 S.B. 10) was declared unconstitutional by the Ohio Supreme Court in *Williams*, and is therefore, inapplicable. R.C. 2950.031, as interpreted by *Hyle*, does not apply to a defendant in Appellee's position because he committed his crime before the effective date of the statute. Our *Byers* opinion is factually distinct and has effectively been overruled by the Ohio Supreme Court, and does not support Appellant's argument. Therefore, the trial court was correct in denying the motion for permanent injunction. Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.